## In re BEST PRODUCTS CO., et al., Debtors.

## IBM CREDIT CORP., Appellant,

v.

## BEST PRODUCTS CO., et al., Appellees,

and

## The Official Committee of Unsecured Creditors of Best Products Co., Inc., et al., Intervenors–Appellees.

### No. 92 Civ. 3619 (JES).

United States District Court, S.D. New York.

Dec. 30, 1992.

Luskin & Stern, New York City (Michael Luskin, Lori Lapin Jones, of counsel), for appellant.

Weil, Gotshal & Manges, New York City (Lori R. Fife, Kevin W. Barrett, of counsel), for debtors-appellees.

Strook & Strook & Lavan, New York City (David H. Botler, of counsel), for intervenors-appellees—The Official Committee of Unsecured Creditors of Best Products Co.

### MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

This is a bankruptcy appeal in which appellant IBM Credit Corp. ("IBM Credit")

seeks reversal of an order of Chief Judge Lifland of the United States Bankruptcy Court, *In re Best Products Co.*, 138 B.R. 155 (Bankr.S.D.N.Y.1992), denying IBM Credit's motion for adequate protection under 11 U.S.C. § 363(e). For the reasons that follow, the decision of the bankruptcy court is affirmed.

### BACKGROUND

In September 1986, Best Products Co. ("Best") and International Business Machines Corp. ("IBM") entered into an Installment Payment Agreement in which Best purchased a 3090–200 central processing unit and other related data processing equipment (the "Old Equipment") for approximately $4.9 million. Brief of Appellant IBM Credit Corporation at 4 ("IBM Br."). Best paid approximately $491,318 in cash as a down-payment and financed the balance with a loan from IBM Credit Corp. ("IBM Credit"). *Id.* at 4–5. To secure repayment of the purchase price, IBM reserved a purchase money security interest in the equipment, which IBM later assigned to IBM Credit. *Id.* at 5.

On January 4, 1991 (the "Petition Date"), Best and certain of its affiliates each filed petitions under Chapter 11 of the Bankruptcy Code. *Id.* at 4. As of the Petition Date, the principal amount outstanding under the Old Equipment agreement was approximately $1 million. *Id.* at 5. Best has continued to operate its business and manage its property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108 of the Bankruptcy Code. *Id.* at 4.

After the Petition Date, Best began negotiating with IBM and IBM Credit to replace the Old Equipment with new, upgraded equipment. *Id.* at 5–6. On or about August 1, 1991, Best received new IBM equipment and returned the Old Equipment to IBM. *Id.* at 6–7. The Bankruptcy Court approved the new lease by order September 10, 1991. *In re Best Products Co.*, No. 91B10048–53 (Bankr.S.D.N.Y. Sept. 10, 1991). On September 26, 1991, IBM Credit filed a motion pursuant to 11 U.S.C. § 363(e) for an adequate protection pay-

ment as compensation for the alleged decline in the value of the Old Equipment from the Petition Date to the date IBM recovered it. *Id.* at 7. On March 27, 1992, Chief Judge Lifland denied IBM's motion. *In re Best Products Co.*, 138 B.R. 155 (Bankr.S.D.N.Y.1992). IBM Credit filed a Notice of Appeal on April 6, 1992.

### DISCUSSION

Section § 363(e) of the Bankruptcy Code authorizes a bankruptcy judge to protect a secured creditor against a decline in the value of secured property being used by the estate. 11 U.S.C. § 363(e) (1988); *United Savings Ass'n v. Timbers of Inwood Forest Associates*, 484 U.S. 365, 370, 108 S.Ct. 626, 630, 98 L.Ed.2d 740 (1988). Section 363(e) states:

> "Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest."

11 U.S.C. § 363(e) (1988).

The clear language of the statute unquestionably supports the Bankruptcy Court's denial of IBM's motion. At the time that motion was filed the leased equipment had already been returned to IBM and was neither in the possession of the debtor nor under the control of the Bankruptcy Court. In sum, Section 363(e) is by its terms inapplicable when the Bankruptcy Court has no effective ability to condition the property's present or future use.

The Court expresses no opinion as to whether IBM may properly seek a priority for the value of the use of the Old Equipment while it was in the debtor's possession on the theory that its use conferred a benefit on the estate. That issue is not raised by this appeal. Moreover, since the Court has found § 363(e) to be inapplicable, the Court will not resolve the merits of Best's argument that IBM waived its right to seek adequate protection under § 363(e) by failing to make that application while

the property was still in possession of the debtor. In any event, as the briefs demonstrate, there are disputed factual issues not yet fully developed in the Bankruptcy Court as to whether or not the debtor's conduct contributed to that delay. These issues may be resolved more appropriately on a further factual record if and when a claim for priority is made in the Bankruptcy Court.

### CONCLUSION

Accordingly, for the reasons given above, the decision of the bankruptcy court shall be and hereby is affirmed. The Clerk of the Court is directed to enter an appropriate judgment and close the above-captioned action.

It is SO ORDERED.